12-1839 (L)
Wang v. Holder

BIA
A073 649 496
A071 041 368

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> *Circuit Judges.*

_____

WEN ZHEN WANG, XIANG CHEN,
> *Petitioners,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

12-1839(L),
12-1841(Con)

NAC

08152014-B1-2

**FOR PETITIONERS:** Jan Allen Reiner, New York, New York.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioners Wen Zhen Wang and Xiang Chen, natives and citizens of China, seek review of two April 5, 2012, decisions of the BIA, denying their motion to reopen. *In re Wen Zhen Wang*, No. A073 649 496 (B.I.A. Apr. 5, 2012); *In re Xiang Chen*, No. A071 041 368 (B.I.A. Apr. 5, 2012). We assume the parties' familiarity with the underlying facts and procedural history of these cases.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Petitioners filed a motion to reopen based on their claim that they fear forced sterilization and economic persecution because they have had more than one child in the United States, which they contend violates

08152014-B1-2                                           2

China's population control program.  We find no error in the BIA's determination that petitioners failed to demonstrate their *prima facie* eligibility for asylum or related relief. *See id.* at 158-72.

As the BIA noted, petitioners can avoid the social compensation fees assessed to violators of the family planning policy by declining to register their U.S. citizen children as residents.  *See id.* at 171.  We are sympathetic to the serious medical conditions suffered by two of petitioners' children.  Nevertheless, the BIA did not err in finding that petitioners would not be forced to register their children in order to receive free public health care to treat their medical conditions.  Petitioners' evidence indicated that the Chinese government does not actually provide free health care to a majority of registered residents, and that, even without registering their children, petitioners would have access to health care similar to that available to registered residents.

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure

34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk